FILED-USDC-NDTX-DA
'25 AUG 15 PM2:13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. |
| ABLE GROUPE, INC. | 3-25CR-373-N |

## PLEA AGREEMENT

The United States Attorney's Office for the Northern District of Texas and the United States Department of Justice, Consumer Protection Branch (collectively, the "government"), and defendant ABLE GROUPE, INC., a Nevada Corporation, by and through its corporate representative, and its attorney Adrienne Frazior, agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt; and

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offenses alleged in Counts One and Two of the Information, charging a violation of 21 U.S.C. § 331(ee) and 21 U.S.C. § 333(a)(2), that is, Importing Food in Violation of the Prior Notice Requirements with Intent to Defraud and Mislead,

Plea Agreement—Page 1

and of 18 U.S.C. § 545, that is, Smuggling Goods Into the United States. The defendant understands the nature and elements of the crimes to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence. The defendant waives any objection to venue as to any of the charges brought by the United States related to any acts described in the factual resume and consents to the filing of the Information in the Northern District of Texas.

3.   **Sentence:** The maximum penalties the Court can impose on each count of the information include:

   a.   a term of probation of not more than five years;

   b.   a fine not to exceed $500,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c.   a mandatory special assessment of $400;

   d.   restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   e.   forfeiture of property.

4.   **Sentencing agreement:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate sentence in this case is three years of probation; a special assessment of $800; and forfeiture of $304,640. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed upon terms, there are no other sentencing limitations, and the Court remains free

Plea Agreement—Page 2

to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

5. **Rejection of agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

6. **Defendant's agreement**. The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Defendant agrees that it and its subsidiaries, divisions, segments, and affiliates will not commit any violation of United States Federal law during any term of corporate probation imposed by the Court. Defendant also agrees to cooperate fully with the government in any and all matters concerning any act within the scope of or related to the conduct described in the Factual Resume or related to other potential violations of the Federal Food, Drug, and Cosmetic Act or smuggling of infant formula—including but not limited to providing documents to the government about such activities.

7. **Mandatory special assessment**: The defendant agrees to pay the U.S. District Clerk the amount of $800 in satisfaction of the mandatory special assessment(s) prior to sentencing.

8. **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the

defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

    a. The defendant agrees that the financial statement, with any supporting documents, the defendant provides to the USPO may be shared with the Court and the government.

    b. The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

    c. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

9. **Forfeiture of property:** The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information, specifically the forfeiture of $304,640. The defendant waives all right, title, and interest in the $304,640 and agrees that this property is subject to criminal forfeiture pursuant to

18 U.S.C. §§ 982 and 545, 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), as proceeds obtained as a result of smuggling and/or the value of merchandise introduced into the United States in violation of 18 U.S.C. § 545. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide the $304,640 to the government in the form of a cashier's check payable to the United States Marshal's Service within ninety (90) days after entry of its guilty plea. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

10. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and the United States Department of Justice Consumer Protection Branch and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

11. **Representation of Corporate Authority**: This plea agreement will be executed by a corporate representative and the defendant's attorney, Adrienne Frazior.

By entering into this plea agreement, the authorized corporate representative and Adrienne Frazior expressly represent to the Court and to the government that the corporate representative has the consent, power, and authority to bind the defendant corporation and to sign this plea agreement and the factual resume as its representative.

12. **Violation of agreement:** The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge, including the reinstatement of charges dismissed pursuant to this plea agreement. In the event of such a violation, vacatur, or withdrawal, the defendant waives all objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives all objections to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Waiver of right to appeal or otherwise challenge sentence:** The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the Court. The defendant further waives the defendant's

right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15.  **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16.  **Entirety of agreement**: This document, including any Supplement filed contemporaneously, is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in

court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 11th day of August, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

MATTHEW WEYBRECHT
First Assistant / Acting Criminal Chief
State Bar of Texas No. 24102642
Telephone: 214-659-8640
Fax: 214-659-8806
matthew.weybrecht@usdoj.gov


LISA K. HSIAO
Acting Director
Consumer Protection Branch

PATRICK R. RUNKLE
Assistant Director
ALISHA M. CROVETTO
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
450 5th Street, N.W.
Washington, DC 20530
202-532-4723
Patrick.R.Runkle@usdoj.gov

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   7-16-25
Authorized Representative          Date
ABLE GROUPE, INC.
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____   7-16-25
Adrienne Frazior                   Date
Attorney for Defendant